UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF TEXAS

SAN ANTONIO DIVISION

| | | |
|---|---|---|
| United States of America | § § § | |
| v. | § § | No. 5:26-cr-00048-FB-1 |
| Robyn Argote-Brooks | § § § § | |

## DEFENDANT'S PROPOSED JURY INSTRUCTIONS ON ELEMENTS

TO THE HONORABLE FREB BIERY, UNITED STATES DISTRICT JUDGE:

Defendant Robyn Argote-Brooks hereby files the following proposed jury instructions on the elements of the charges. He presumes the government will propose standard pattern instructions, and he does not anticipate objecting to those, but he will lodge objections if needed.

***

### Count One: Forcibly Assaulting a Federal Officer and Inflicting Bodily Injury or Using a Dangerous Weapon—18 U.S.C § 111(a)(1) and (b)

**Count One of the Indictment charges: "That on or about January 13, 2026, in the Western District of Texas, Defendant, ROBYN ARGOTE-BROOKS, did forcibly assault, resist, oppose, impede, intimidate, and interfere with any person designated in 18 U.S.C. § 1114, to wit: Immigration and Customs Enforcement Deportation Officer R.J., who was engaged in their official duties and inflicted bodily injury with a dangerous weapon, to wit: a vehicle, all in violation of Title 18, United States Code, Section 11 l(a)(l) and (b)."**

Title 18, United States Code, Section 111(a)(1) makes it a crime for anyone to forcibly assault, resist, oppose, impede, intimidate, or interfere with any person designated as a federal officer or employee of the United States or of any agency in any branch of the United States Government while the officer is engaged in the performance of his or her official duties.

For you to find the defendant guilty of this crime, you must be convinced that the government has proved each of the following beyond a reasonable doubt:

First: That the defendant forcibly assaulted, **forcibly**[1] resisted, **forcibly** opposed, **forcibly** impeded, **forcibly** intimidated, or **forcibly** interfered with R.J., a federal officer, as described below;

Second: That the federal officer was forcibly assaulted, **forcibly** resisted, **forcibly** opposed, **forcibly** impeded, **forcibly** intimidated, or **forcibly** interfered with while engaged in the performance of his official duty or on account of the performance of official duties;

Third: That the defendant did such acts intentionally.

Fourth: That in doing such acts, the defendant used a deadly or dangerous weapon or inflicted bodily injury.

The term "forcible assault" means any intentional attempt or threat to inflict injury upon someone else when a defendant has the apparent present ability to do so. This includes any intentional display of force that would cause a reasonable person to expect immediate bodily harm, regardless of whether the victim was injured or the threat or attempt was actually carried out.

**The term "forcibly" applies to each of the unlawful acts set out in the first element, not just "assaults." That is, the Defendant must "forcibly resist" or "forcibly oppose" or "forcibly impede" or "forcibly intimidate" or "forcibly interferes with" the officer.[2]**

**To prove that the defendant acted "forcibly," the force in question must be directed toward or against an officer.**

---

[1] The Fifth Circuit has held that the word "forcibly" modifies each verb in the list, not just "assaults." *United States v. Hazlewood*, 526 F.3d 862, 865 (5th Cir. 2008). So Defendant has inserted "forcibly" before each verb in this list, for maximum clarity. (This footnote need not be included in the jury charge.)

[2] Defendant proposes this paragraph in the event the Court refuses to insert the word "forcibly" before each of the unlawful acts in the elements.

**In deciding if the defendant "inflicted bodily injury," the term "inflicted" or "inflicts" means "to cause harm directly by physical force."**

The term "deadly or dangerous weapon" means any object capable of inflicting death or bodily injury. For such a weapon to have been "used," the government must prove not only that the defendant possessed the weapon but also that the defendant intentionally displayed it while carrying out the forcible assault. The term "bodily injury" means an injury that is painful and obvious, or an injury for which medical attention would ordinarily be sought.

You are instructed that Immigration and Customs Enforcement Deportation Officer R.J. is a federal officer, and that it is a part of the official duty of such an officer to [investigate those suspected of being unlawfully present in the United States].

It is not necessary to prove the defendant knew the person being forcibly assaulted was, at that time, a federal officer carrying out an official duty, so as long as it is established beyond a reasonable doubt that the person assaulted was, in fact, a federal officer acting in the course of his or her duty and that the defendant intentionally committed a forcible assault upon that officer.

On the other hand, the defendant would not be guilty of an assault if the evidence leaves you with a reasonable doubt as to whether the defendant knew the person to be a federal officer and only committed such an act because of a reasonable, good faith belief that the defendant needed to defend himself against an assault by a private citizen.

### Authority and Argument

This instruction is mostly derived from Fifth Circuit Pattern Criminal Jury Instruction 2.07 (2024 ed.) (Forcibly Assaulting a Federal Officer under 18 U.S.C § 111(a)(1) and (b)).

Judge Rodriguez has explained the basics of § 111 well:

The Fifth Circuit has interpreted § 111 to create three separate offenses: "(1) simple assault; (2) more serious assaults but not involving a dangerous weapon; and (3) assault

with a dangerous weapon." *United States v. Williams*, 520 F.3d 414, 420 (5th Cir. 2008) (quotation omitted). The first offense is a misdemeanor, which courts commonly call "simple assault." *United States v. Hernandez-Hernandez*, 817 F.3d 207, 212–23 (5th Cir. 2016). Such "simple assault" would be an "attempted or threatened battery"—i.e. without physical contact. *United States v. Williams*, 602 F.3d 313, 316 (5th Cir. 2010). The less serious felony occurs either (1) when there is a completed battery, i.e., when there is "any physical contact," or (2) when the act is committed with the intent to commit another felony. *Hernandez-Hernandez*, 817 F.3d at 212–13. The more serious felony—charged here—occurs when, "in the commission of any [of the prohibited] acts," the defendant "uses a deadly or dangerous weapon ... or inflicts bodily injury." 18 U.S.C. § 111(b); *Hernandez-Hernandez*, 817 F.3d at 213.

*United States v. Quintanilla-Chavez*, 807 F. Supp. 3d 641, 653 (W.D. Tex.), *reconsideration denied*, 811 F. Supp. 3d 839 (W.D. Tex. 2025).

**Defendant has added the parts of the proposed instruction in bold.** The support for these added portions is as follows:

**<u>The definition of "forcibly.</u>"** "The term 'forcibly' modifies all of the acts rendered unlawful by § 111(a)(1)"—i.e., not just "assaults" but also "resists, opposes, impedes, intimidates, or interferes with." *United States v. Hazlewood*, 526 F.3d 862, 865 (5th Cir. 2008) (cleaned up).

"[T]o have any meaning at all, the force in question must be directed toward or against an officer." *United States v. Quintanilla-Chavez*, 807 F. Supp. 3d 641, 654 (W.D. Tex.), *reconsideration denied*, 811 F. Supp. 3d 839 (W.D. Tex. 2025) (citing "Forcible," Black's Law Dictionary (10th ed. 2014) (defining "forcible" as "effected by force or threat of force against opposition or resistance," and "force" as "[p]ower, violence, or pressure directed against a person or thing." (emphasis added)). "Otherwise, anyone who opposes arrest by merely backing away from an officer with his hands up would violate § 111(a) based on the 'force' of stepping away." *Id. See also id.* at 653–56 (holding defendant who merely drove away from officer did not satisfy § 111(a)(1) "forcible" element, and collecting cases and explaining that "forcible" means "the force in question must be directed toward or against an officer").

**The definition of "inflicts."** The term "inflicted" or "inflicts" means "to cause harm directly by physical force." *Quintanilla-Chavez*, 807 F. Supp. 3d at 657 (quoting *United States v. Zabawa*, 719 F.3d 555, 560 (6th Cir. 2013)). To explain, § 111(b) only applies when one "inflicts bodily injury," and most circuit courts to decide the issue hold that the word "inflicts" requires more than mere but-for causation or proximate causation. It does not appear that the Fifth Circuit has decided this question. To explain, causation normally requires but-for causation (where, but for the act, the result would not have occurred) and proximate causation (which requires that the result be reasonably foreseeable). Of the circuits to reach the issue, most impose a heightened requirement for what counts as "inflicts," more than what is required for but-for or proximate causation. *See United States v. Zabawa*, 719 F.3d 555, 559–61 (6th Cir. 2013) (collecting cases and so holding). Since the term is undefined in the statute, the cases use the term's ordinary and best meaning: "to give by or as if by striking," such that the "person whose action was the direct physical cause of [the officer's injury], therefore, is the person who inflicted it for purposes of § 111(b)." *See id.* at 559-60.

For example, *Zabawa* held the evidence was insufficient to prove injury-inflicting § 111(b) because the officer's forehead cut could've been caused by the officer headbutting the defendant, not by the defendant's force, even if the defendant started the conflict. *See id.* at 559-61. And in *Quintanilla-Chavez*, Judge Rodriguez held that the officer's own actions caused his injury rather than the defendant's act of passively driving away. *See* 807 F. Supp. 3d at 656–58 (though declining to explicitly adopt *Zabawa*'s exact definition).

**Lesser Included Offense (Count One)—Forcibly Assaulting a Federal Officer**

We have just talked about what the government has to prove for you to convict the defendant of the crime charged in the indictment, Forcibly Assaulting a Federal Officer and Inflicting Bodily Injury or Using a Dangerous Weapon. Your first task is to decide whether the government has proved, beyond a reasonable doubt, that the defendant committed that crime. If your verdict on that is guilty, you are finished.

But if your verdict is not guilty, or if after all reasonable efforts, you are unable to reach a verdict, you should go on to consider whether the defendant is guilty of forcibly assaulting a federal officer. You should find the defendant guilty of forcibly assaulting a federal officer if the government has proved, beyond a reasonable doubt, the following elements:

*First*: That the defendant forcibly assaulted, **forcibly**[3] resisted, **forcibly** opposed, **forcibly** impeded, **forcibly** intimidated, or **forcibly** interfered with R.J., a federal officer, as described below;

*Second*: That the federal officer was forcibly assaulted, **forcibly** resisted, **forcibly** opposed, **forcibly** impeded, **forcibly** intimidated, or **forcibly** interfered with while engaged in the performance of his official duty or on account of the performance of official duties;

*Third*: That the defendant did such acts intentionally.

The term "forcible assault" means any intentional attempt or threat to inflict injury upon someone else when a defendant has the apparent present ability to do so. This includes any intentional display of force that would cause a reasonable person to expect immediate bodily harm, regardless of whether the victim was injured or the threat or attempt was actually carried out.

---

[3] The Fifth Circuit has held that the word "forcibly" modifies each verb in the list, not just "assaults." *Hazlewood*, 526 F.3d at 865. (This footnote can be omitted from the jury charge.)

**The term "forcibly" applies to each of the unlawful acts set out in the first element, not just "assaults." That is, the Defendant must "forcibly resist" or "forcibly oppose" or "forcibly impede" or "forcibly intimidate" or "forcibly interferes with" the officer.**

**To prove that the defendant acted "forcibly," the force in question must be directed toward or against an officer.**

**In deciding if the defendant "inflicted bodily injury," the term "inflicted" or "inflicts" means "to cause harm directly by physical force."**

You are instructed that Immigration and Customs Enforcement Deportation Officer R.J. is a federal officer, and that it is a part of the official duty of such an officer to [investigate those suspected of being unlawfully present in the United States].

It is not necessary to prove the defendant knew the person being forcibly assaulted was, at that time, a federal officer carrying out an official duty, so as long as it is established beyond a reasonable doubt that the person assaulted was, in fact, a federal officer acting in the course of his or her duty and that the defendant intentionally committed a forcible assault upon that officer.

On the other hand, the defendant would not be guilty of an assault if the evidence leaves you with a reasonable doubt as to whether the defendant knew the person to be a federal officer and only committed such an act because of a reasonable, good faith belief that the defendant needed to defend himself against an assault by a private citizen.

The difference between these two crimes is that to convict the defendant of Forcibly Assaulting a Federal Officer, the government does not have to prove that the defendant used a deadly or dangerous weapon or inflicted bodily injury. These are elements of the greater crime, but not the lesser crime.

Of course, if the government has not proved beyond a reasonable doubt that the defendant committed the lesser offense of Forcibly Assaulting a Federal Officer, your verdict must be not guilty of all of the charges.

**Authority**

- Pattern Crim. Jury Instr. 5th Cir. 1.35 (2024) (Lesser Included Offense)

Under § 111, the felony offense requires proof that the defendant used a deadly or dangerous weapon or inflicted bodily injury, while the misdemeanor offense requires no such proof but is otherwise identical. So all the elements of the § 111(a) misdemeanor offense are subsumed by the elements of the greater § 111(b) felony offense, and the misdemeanor offense is therefore a lesser included offense of the felony. *See Schmuck v. United States*, 109 S. Ct. 1443, 1450 (1989); *see also* Fed. R. Crim. P. 30(a) (party may request jury instruction) and 31(c)(1) (defendant can be convicted of a lesser-included offense). Before giving this instruction in the Closing Instructions, the Court must also decide if "the evidence at trial is such that a jury could rationally find the defendant guilty of the lesser offense yet acquit him of the greater." *United States v. McElwee*, 646 F.3d 328, 341 (5th Cir. 2011) (cleaned up).

***

## Count Two and Three: Destruction of Government Property Exceeding $1,000 [18 U.S.C. § 1361]

Counts Two and Three of the Indictment each charge: "That on or about January 13, 2026, in the Western District of Texas, Defendant, ROBYN ARGOTE-BROOKS, did willfully cause injury or commit depredation against property of the United States and of any damages in excess of $1,000, all in violation of Title 18, United States Code, Section 1361."

Title 18, United States Code, Section 1361 makes it a crime for anyone to willfully injure or commit any depredation against any property of the United States, or of any department or agency thereof, if the damage to such property exceeds the sum of $1,000.

For you to find the defendant guilty of this crime, you must be convinced that the government has proved each of the following beyond a reasonable doubt:

*First:* that the Defendant injured or committed any depredation against any property of the United States, or of any department or agency thereof;

*Second:* that the Defendant committed the injury or depredation willfully;

*Third:* that the acts took place from on or about January 13, 2026; and

*Fourth:* that the damage to such property exceeded the sum of $1,000.

The word "willfully" means that the act was committed voluntarily and purposely, with the specific intent to do something the law forbids; that is to say, with bad purpose either to disobey or disregard the law.

### Authority

- 18 U.S.C. § 1361

- Pattern Crim. Jury Instr. 5th Cir. 1.34 (2024) (Definition of "Willfully")

- *United States v. Krause*, 914 F.3d 1122, 1127–29 (8th Cir. 2019) (elements of § 1361)

- Pattern Crim. Jury Instr. 5th Cir. 2.27 (2024) (Theft of Government Property)[4]

### Lesser Included Offense (Count Two)—Destruction of Government Property

We have just talked about what the government has to prove for you to convict the defendant of the crime charged in the indictment, destruction of government property valued at a sum greater than $1,000. Your first task is to decide whether the government has proved, beyond

---

[4] There is no Fifth Circuit Pattern Instruction for 18 U.S.C. § 1361.

a reasonable doubt, that the defendant committed that crime. If your verdict on that is guilty, you are finished.

But if your verdict is not guilty, or if after all reasonable efforts, you are unable to reach a verdict, you should go on to consider whether the defendant is guilty of destruction of government property valued at a sum that does not exceed $1,000. You should find the defendant guilty of destruction of government property valued at a sum that does not exceed $1,000 if the government has proved, beyond a reasonable doubt, the following elements:

*First:* that the Defendant injured or committed any depredation against any property of the United States, or of any department or agency thereof;

*Second:* that the Defendant committed the injury or depredation willfully; and

*Third:* that the acts took place from on or about January 13, 2026.

The word "willfully" means that the act was committed voluntarily and purposely, with the specific intent to do something the law forbids; that is to say, with bad purpose either to disobey or disregard the law.

The difference between these two crimes is that to convict the defendant of destroying government property valued at a sum that does not exceed $1,000, the government does not have to prove that the damage to such property exceeded the sum of $1,000. This is an element of the greater crime, but not the lesser crime.

Of course, if the government has not proved beyond a reasonable doubt that the defendant committed this lesser offense, your verdict must be not guilty of all of the charges.

### Authority

- Pattern Crim. Jury Instr. 5th Cir. 1.35 (2024) (Lesser Included Offense)

Under § 1361, the felony offense requires proof that the value of the property exceeds $1,000, while the misdemeanor offense requires no proof as to the value of the loss and is otherwise identical. So all of the elements of the misdemeanor offense are subsumed by the elements of the felony offense, and the misdemeanor offense is therefore a lesser included offense of the felony. *See Schmuck*, 109 S. Ct. at 1450 (1989); *see also* Fed. R. Crim. P. 30(a) (party may request jury instruction) and 31(c)(1) (defendant can be convicted of a lesser-included offense). Before giving this instruction in the Closing Instructions, the Court must also decide if "the evidence at trial is such that a jury could rationally find the defendant guilty of the lesser offense yet acquit him of the greater." *McElwee*, 646 F.3d at 341 (cleaned up).

***

## Unanimity of Theory—Counts Two and Three

You have been instructed that your verdict, whether it is guilty or not guilty, must be unanimous. The following instruction applies to the unanimity requirement as to Counts Two and Three.

Counts Two and Three each charge the defendant with damaging government property. The evidence in this case includes allegations involving more than one vehicle. Each count must be considered separately.

To find the defendant guilty of either Count Two or Count Three, you must unanimously agree not only that the government has proven all elements of the offense beyond a reasonable doubt, but also which specific vehicle the defendant is alleged to have damaged for that count.

You are not permitted to reach a guilty verdict on a count unless all jurors agree on the same vehicle as the basis for that count. A verdict is not unanimous if some jurors base their decision on one vehicle and others base their decision on a different vehicle.

Each count requires proof of a distinct act of damage to a distinct item of property. You may not convict on more than one count based on the same alleged damage.

## Authority

- Pattern Crim. Jury Instr. 5th Cir. 1.27 (2024) ("Unanimity of Theory")

Defendant proposes this special unanimity instruction because, in the indictment, Counts Two and Three are exactly identical, with no indication of which count pertains to which vehicle. The indictment thus fails to provide Defendant with clear notice of the charges against him. At this point, Defendant has elected to remedy this deficiency with this special unanimity instruction.

## CONCLUSION

Defendant requests that the Court instruct the jury as set out herein. And he objects to any refusal to do so.

Respectfully Submitted,

MAUREEN SCOTT FRANCO
Federal Public Defender


/S/

/s/ MARINA THAIS DOUENAT
Assistant Federal Public Defender
Western District of Texas
300 Convent Street, Suite 2300
San Antonio, TX 78205
Tel.:(210) 472–6700
Fax: (210) 472-4454
Bar Number: 00798310
*Attorney for Defendant*


**CERTIFICATE OF SERVICE**

I hereby certify that on the 7th day of April, 2026, electronically filed the foregoing with the Clerk of Courts using the CM/ECF system which will send notification of such filing to the AUSA of record.


/s/ MARINA THAIS DOUENAT
*Attorney for Defendant*