**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**SAN ANTONIO DIVISION**

| | |
|---|---|
| **UNITED STATES OF AMERICA,**<br><br>**Plaintiff,**<br><br>**v.**<br><br>**ROBYN ARGOTE-BROOKS,**<br><br>**Defendant.** | **No. SA:26-CR-000048 FB** |

**UNITED STATES OF AMERICA'S PROPOSED JURY INSTRUCTIONS AND VERDICT FORMS**

The United States submits the following proposed jury instructions and verdict form. Although it may be necessary for the United States to request additional instructions or to amend the instructions due to trial issues that may arise after the time of this filing, the United States submits the following as a basis for the Court's instructions to the jury.

Respectfully submitted,

JUSTIN R. SIMMONS
UNITED STATES ATTORNEY

/s/
AMY MARIE WALKER
Assistant United States Attorney
New York State Bar No. 5208954
601 NW Loop 410, Suite 600
San Antonio, Texas 78216

/s/
TODD KEAGLE
Assistant United States Attorney

**CERTIFICATE OF SERVICE**

I hereby certify that on April 14, 2026, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the parties of record.

/s/ .
Amy Marie Walker
Assistant United States Attorney

YELLOW = Items that need to be updated after conclusion of the evidence

## Table of Contents

Introduction ........ 2
Duty to Follow Instructions ........ 3
Presumption of Innocence, Burden of Proof, Reasonable Doubt ........ 4
Evidence – Excluding What is Not Evidence ........ 6
Evidence – Inferences: Direct and Circumstantial ........ 7
Stipulation of Evidence ........ 8
Credibility of Witnesses ........ 9
Transcript of Tape Recorded Conversation ........ 11
Transcript of Foreign Language - Tape Recorded Conversation........12
"On or About" ........ 13
Caution – Consider Only Crimes Charged ........ 14
Caution – Punishment ........ 15
Single Defendant – Multiple Counts ........ 16
Count One: Forcibly Assaulting a Federal Officer 18 U.S.C. 111(a)(1) and (b) ........ 17
Count Two and Three: Destruction of Government Property 18 U.S.C. 1361 ........18
Duty to Deliberate ........ 19
Verdict Form ........ 22
VERDICT FORM ........ 1

Members of the jury:

## Introduction[1]

In any jury trial there are, in effect, two judges. I am one of the judges; the other is the jury. It is my duty to preside over the trial and to decide what evidence is proper for your consideration. It is also my duty at the end of the trial to explain to you the rules of law that you must follow and apply in arriving at your verdict.

First, I will give you some general instructions which apply in every case, for example, instructions about the burden of proof and how to judge the believability of witnesses. Then I will give you some specific rules of law about this particular case. Finally, I will explain to you the procedures you should follow in your deliberations.

[1] 1.03 Pattern Jury Instructions, Criminal Cases, Fifth Circuit (2024).

## Duty to Follow Instructions[2]

You, as jurors, are the judges of the facts. But in determining what actually happened—that is, in reaching your decision as to the facts—it is your sworn duty to follow all of the rules of law as I explain them to you.

You have no right to disregard or give special attention to any one instruction, or to question the wisdom or correctness of any rule I may state to you. You must not substitute or follow your own notion or opinion as to what the law is or ought to be. It is your duty to apply the law as I explain it to you, regardless of the consequences.

It is also your duty to base your verdict solely upon the evidence, without prejudice or sympathy, and without consulting any outside or online source or materials. That was the promise you made and the oath you took before being accepted by the parties as jurors, and they have the right to expect nothing less.

[2] 1.04 Pattern Jury Instructions, Criminal Cases, Fifth Circuit (2024).

**Presumption of Innocence, Burden of Proof, Reasonable Doubt**[3]

The Defendant has been charged by the Government in a three-count Indictment with violating federal laws.

Count One of the Indictment charges that on or about January 13, 2026, in the Western District of Texas, the Defendant, Robyn Argote-Brooks, did forcibly assault, resist, oppose, impede, intimidate, and interfere with any person designated in 18 U.S.C. §1114, to wit: Immigration and Customs Enforcement Deportation Officer R.J., who was engaged in their official duties and inflicted bodily injury with a dangerous weapon to wit: a vehicle, all in violation of Title 18, United States Code, Section 111(a)(1) and (b).

Count Two and Three of the Indictment charges that on or about January 13, 2026, in the Western District of Texas, the Defendant, Robyn Argote-Brooks, did willfully cause injury or commit depredation against property of the United States and of any department or agency thereof by striking an ICE/ERO vehicle with his vehicle, resulting in damage in excess of $1,000, all in violation of Title 18, United States Code, Section 1361.

The Indictment, or formal charge against a defendant, is not evidence of guilt. Indeed, the defendant is presumed by the law to be innocent. The defendant begins with a clean slate. The law does not require a defendant to prove his innocence or produce any evidence at all, and no inference whatever may be drawn from the election of a defendant not to testify.

The Government has the burden of proving a defendant guilty beyond a reasonable doubt, and if it fails to do so, you must acquit the defendant. While the Government's burden of proof is a strict or heavy burden, it is not necessary that a defendant's guilt be proven beyond all possible

---

[3] 1.05 Pattern Jury Instructions, Criminal Cases, Fifth Circuit (2024).

doubt. It is only required that the Government's proof exclude any "reasonable doubt" concerning a defendant's guilt.

A "reasonable doubt" is a doubt based upon reason and common sense after careful and impartial consideration of all the evidence in the case. Proof beyond a reasonable doubt, therefore, is proof of such a convincing character that you would be willing to rely and act upon it without hesitation in the most important of your own affairs.

## Evidence – Excluding What is Not Evidence[4]

As I told you earlier, it is your duty to determine the facts. In doing so, you must consider only the evidence presented during the trial. Evidence is the sworn testimony of the witnesses, including stipulations, and the exhibits. The questions, statements, objections and arguments made by the lawyers are not evidence.

The function of the lawyers is to point out those things that are most significant or most helpful to their side of the case, and in so doing, to call your attention to certain facts or inferences that might otherwise escape your notice. In the final analysis, however, it is your own recollection and interpretation of the evidence that controls in the case. What the lawyers say is not binding upon you.

During the trial I sustained objections to certain questions and exhibits. You must disregard those questions and exhibits entirely. Do not speculate as to what the witness would have said if permitted to answer the question or as to the contents of an exhibit. Also, certain testimony or evidence has been ordered removed from the record and you have been instructed to disregard this evidence. Do not consider any testimony or other evidence which has been removed from your consideration in reaching your decision. Your verdict must be based solely on the legally admissible evidence and testimony.

Also, do not assume anything from anything I may have done or said during the trial as stating that I have any opinion concerning any of the issues in this case. Except for the instructions to you on the law, you should disregard anything I may have said during the trial in arriving at your own verdict.

---

[4] 1.06 Pattern Jury Instructions, Criminal Cases, Fifth Circuit (2024).

**Evidence – Inferences: Direct and Circumstantial**[5]

In considering the evidence, you are permitted to draw such reasonable inferences from the testimony and exhibits as you feel are justified in the light of common experience. In other words, you may make deductions and reach conclusions that reason and common sense lead you to draw from the facts which have been established by the evidence.

Do not be concerned about whether the evidence is “direct evidence” or “circumstantial evidence.” You should consider and weigh all of the evidence that was presented to you.

"Direct evidence" is the testimony of one who asserts actual knowledge of a fact, such as an eyewitness. "Circumstantial evidence" is proof of a chain of events and circumstances indicating that something is or is not a fact.

The law makes no distinction between the weight you may give to either direct or circumstantial evidence. But the law requires that you, after weighing all the evidence, whether direct or circumstantial, be convinced of the guilt of the Defendant beyond a reasonable doubt before you can find him guilty.

[5] 1.08 Pattern Jury Instructions, Criminal Cases, Fifth Circuit (2024).

**Stipulation of Evidence**

A "stipulation" is something that the attorneys have agreed is accurate. When there is no dispute about certain testimony, the attorneys may agree or "stipulate" to that testimony. Stipulated testimony must be considered in the same way as if that testimony had been received here in court.

**Credibility of Witnesses**[6]

I remind you that it is your job to decide whether the Government has proven the guilt of the Defendant beyond a reasonable doubt. In doing so, you must consider all of the evidence. This does not mean, however, that you must accept all of the evidence as true or accurate.

You are the sole judges of the credibility or "believability" of each witness and the weight to be given the witness's testimony. An important part of your job will be making judgments about the testimony of the witnesses [including the defendant] who testified in this case. You should decide whether you believe all, some part, or none of what each person had to say, and how important that testimony was. In making that decision I suggest that you ask yourself a few questions: did the person impress you as honest? Did the witness have any particular reason not to tell the truth? Did the witness have a personal interest in the outcome of the case? Did the witness have any relationship with either the Government or the defense? Did the witness seem to have a good memory? Did the witness clearly see or hear the things about which he testified? Did the witness have the opportunity and ability to understand the questions clearly and answer them directly? Did the witness's testimony differ from the testimony of other witnesses? These are a few of the considerations that will help you determine the accuracy of what each witness said.

[The testimony of the Defendant should be weighed and his credibility evaluated in the same way as that of any other witness.]

Your job is to think about the testimony of each witness you have heard and decide how much you believe of what each witness had to say. In making up your mind and reaching a verdict, do not make any decisions simply because there were more witnesses on one side than the other.

---

[6] 1.09 Pattern Jury Instructions, Criminal Cases, Fifth Circuit (2024).

Do not reach a conclusion on a particular point just because there were more witnesses testifying for one side on that point. You will always bear in mind that the law never imposes upon a Defendant in a criminal case the burden or duty of calling any witnesses or producing any evidence.

**Transcript of Tape Recorded Conversation**[7]

Various exhibits have been identified as typewritten transcripts of oral conversations which can be heard on recordings received in evidence. The transcripts also purport to identify the speakers engaged in such conversation.

I have admitted the transcripts for the limited and secondary purpose of aiding you in following the content of the conversation as you listen to the tape recording, and also to aid you in identifying the speakers.

You are specifically instructed that whether the transcript correctly or incorrectly reflects the content of the conversation or the identity of the speakers is entirely for you to determine based upon your own evaluation of the testimony you have heard concerning the preparation of the transcript, and from your own examination of the transcript in relation to your hearing of the tape recording itself as the primary evidence of its own contents; and, if you should determine that the transcript is in any respect incorrect or unreliable, you should disregard it to that extent. It is what you hear on the tape that is evidence, not the transcripts.

[7] 1.49 Pattern Jury Instructions, Criminal Cases, Fifth Circuit (2024).

**Transcript of Foreign Language – Tape Recorded Conversation**[8]

Among the exhibits admitted during the trial were recordings that contained conversations in the Spanish language. You were also provided an English language transcript of those conversations, which has been admitted into evidence. The transcript was provided to you by the government so that you can consider the content of the conversations on the recordings. The accuracy of the transcript is not disputed in this case.

Although some of you may speak Spanish, it is important that all jurors consider the same evidence. Therefore, you must accept the English translation contained in the admitted transcript and disregard any different meaning.

[8] 1.50 Pattern Jury Instructions, Criminal Cases, Fifth Circuit (2024).

**"On or About"[9]**

You will note that the Indictment charges that the offenses were committed on or about a specified date. The Government does not have to prove that the crime was committed on that exact date, so long as the Government proves beyond a reasonable doubt that the defendant committed the crime on a date reasonably near the date or date range stated in each count of the Indictment.

[9] 1.19 Pattern Jury Instructions, Criminal Cases, Fifth Circuit (2024).

### Caution – Consider Only Crimes Charged[10]

You are here to decide whether the Government has proven beyond a reasonable doubt that the Defendant is guilty of the crimes charged. The Defendant is not on trial for any act, conduct, or offense not alleged in the Indictment. Neither are you concerned with the guilt of any other person not on trial as a defendant in this case, except as you are otherwise instructed.

[10] 1.21 Pattern Jury Instructions, Criminal Cases, Fifth Circuit (2024).

**Caution – Punishment**[11]

If a defendant is found guilty, it will be my duty to decide what the punishment will be. You should not be concerned with punishment in any way. It should not enter your consideration or discussion.

[11] 1.22 Pattern Jury Instructions, Criminal Cases, Fifth Circuit (2024).

**Single Defendant – Multiple Counts[12]**

A separate crime is charged in each count of the indictment. Each count, and the evidence pertaining to it, should be considered separately. The fact that you may find the defendant guilty or not guilty as to one of the crimes charged should not control your verdict as to any other.

[12] 1.23 Pattern Jury Instructions, Criminal Cases, Fifth Circuit (2024).

**Count One:**
**Forcibly Assaulting a Federal Officer[13]**
**(18 U.S.C. §§ 111(a)(1) and (b))**

Title 18, United States Code, Section 111(a)(1) makes it a crime for anyone to forcibly assault, resist, oppose, impede, intimidate, or interfere with any person designated as a federal officer or employee of the United States or of any agency in any branch of the United States Government (including any member of the uniformed services) while the officer is engaged in the performance of his official duties.

For you to find the defendant guilty of this crime, you must be convinced that the government has proved each of the following beyond a reasonable doubt:

*First*: that the defendant forcibly assaulted, resisted, opposed, impeded, intimidated, or interfered with a federal officer as described below:

*Second*: that the federal officer was forcibly assaulted, resisted, opposed, impeded, intimidated, or interfered with while engaged in the performance of his official duty or on account of the performance of official duties;

*Third*: that the defendant did such acts intentionally;

*Fourth*: that in doing such acts, the defendant used a deadly or dangerous weapon or inflicted bodily injury.

[13] 2.07 Pattern Jury Instructions, Criminal Cases, Fifth Circuit (2024); *United States v. Feola, 95 S.Ct. 1255, 164 1975); United States v. Nunez, 180 F.3d 227, 232 (5th Cir. 1999).*

The term "forcible assault" means any intentional attempt or threat to inflict injury upon someone else when a defendant has the apparent present ability to do so. This includes any intentional display of force that would cause a reasonable person to expect immediate bodily harm, regardless of whether the victim was injured, or the threat or attempt was actually carried out.

The term "deadly or dangerous weapon" means any object capable of infliction death or bodily injury. For such weapon to have been "used," the government must prove not only that the defendant possessed the weapon but also that the defendant intentionally displayed it while carrying out the forcible assault. The term "bodily injury" means an injury that is painful and obvious, or an injury for which medical attention would ordinarily be sought.

You are instructed that Deportation Officer Ramon Jimenez De Jesus is a federal officer, and that it is a part of the official duty of such an officer to preform Immigration and Enforcement related operations, assists, and arrests.

It is not necessary to prove the defendant knew the person being forcibly assaulted was, at that time, a federal officer carrying out an official duty, so long as it is established beyond a reasonable doubt that the person assaulted was, in fact, a federal officer acting in the course of his duty and that the defendant intentionally committed a forcible assault upon that officer.

**Count Two and Three:**
**Destruction of Government Property**[14]
**(18 U.S.C. §§ 1361)**

Title 18, United States Code, Section 1361 makes it a crime to injury or destroy any property belonging to the United States.

For you to find the defendant guilty of this crime, you must be convinced that the government has proved each of the following beyond a reasonable doubt:

*First*: That the defendant injured or damaged, or attempted to injury or damage, property;

*Second*: That the property belonged to the United States, or any department or agency of the United States, or was property that had been or was being manufactured or constructed for the United States, or any department or agency of the United States;

*Third*: That the damage exceeded the sum of $1,000; and

*Fourth*: That the defendant did so willfully.

While the Government must prove that the property in question belonged to the United States, the Government does not have to prove that the defendant knew that the property belonged to the United States at the time of the alleged criminal conduct.

---

[14] Pattern Jury Instructions, Criminal Cases, District of South Carolina (February 1, 2024) **the Fifth Circuit Patter Jury Instructions do not include §1361 as a pattern charge*; see also, *United States v. La Porta, 46 F.3d 152, 158 (2d Cir. 1994)(holding Government does not need to prove defendant knew that the property he was damaging or destroying belong to the Government;*

To act willfully, the defendant must have acted intentionally, with knowledge that he was violating the law. [15]

The word "willfully" as that term has been used from time to time in these instructions, means that the act was committed voluntarily and purposely, with the specific intent to do something the law forbids; that is to say, with bad purpose either to disobey or disregard the law. [16]

---

[15] Pattern Jury Instructions, Criminal Cases, District of South Carolina (February 1, 2024) **the Fifth Circuit Patter Jury Instructions do not include §1361 as a pattern charge*; see also, *United States v. Moylan,* 417 F.2d 1002, 1004 (4th Cir. 1969) ("To read the term willfully to require a bad purpose would be to confuse the concept of intent with that of motive.").

[16] 1.43 Pattern Jury Instructions, Criminal Cases, Fifth Circuit (2024);

## Duty to Deliberate[17]

To reach a verdict, whether it is guilty or not guilty, all of you must agree. Your verdict must be unanimous on each count of the indictment.

It is your duty to consult with one another and to deliberate in an effort to reach agreement if you can do so. Each of you must decide the case for yourself, but only after an impartial consideration of the evidence with your fellow jurors. Recall, you must base your verdict solely on the evidence, testimony, and stipulations at trial and not on any outside or online material or source. Do not let any bias, sympathy, or prejudice that you may feel toward one side or the other influence your decision in any way. In particular, do not let racial, ethnic, national origin, or other bias influence your decision in any way. During your deliberations, do not hesitate to reexamine your own opinions and change your mind if convinced that you were wrong. But do not give up your honest beliefs as to the weight or effect of the evidence solely because the opinion of your fellow jurors, or for the mere purpose of returning a verdict.

Remember at all times, you are judges—judges of the facts. Your duty is to decide whether the government has proved the defendant guilty beyond a reasonable doubt.

When you go to the jury room, the first thing that you should do is select one of your number as your foreperson, who will help to guide your deliberations and will speak for you here in the courtroom.

[17] 1.26 Pattern Jury Instructions, Criminal Cases, Fifth Circuit (2024).

## Verdict Form[18]

A verdict form has been prepared for your convenience.

The foreperson will write the unanimous answer of the jury in the space provided for each count of the Indictment, either guilty or not guilty. At the conclusion of your deliberations, the foreperson should date and sign the verdict.

If you need to communicate with me during your deliberations, the foreperson should write the message and give it to the marshal. I will either reply in writing or bring you back into the court to answer your message.

Bear in mind that you are never to reveal to any person, not even to the court, how the jury stands, numerically or otherwise, on any count of the Indictment, until after you have reached a unanimous verdict.

[18] 1.26 Pattern Jury Instructions, Criminal Cases, Fifth Circuit (2024).

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**SAN ANTONIO DIVISION**

| | |
|---|---|
| **UNITED STATES OF AMERICA,**<br><br>**Plaintiff,**<br><br>**v.**<br><br>**ROBYN ARGOTE-BROOKS,**<br><br>**Defendant.** | **No. SA:26-CR-000048 FB** |

**VERDICT FORM**

We, the jury in the above-captioned case, unanimously return the following verdicts:

**COUNT ONE**
**(Assaulting a Federal Officer)**

GUILTY______ NOT GUILTY _______

**SPECIAL INTERROGATORY COUNT ONE**

**If you find the defendant GUILTY of Count One, please mark one of the following:**

________ We find the defendant Guilty of Count One and in so doing, the defendant **DID** use a *deadly or dangerous weapon* ***OR*** *inflicted bodily injury.*

________ We find the defendant Guilty of Count One and in so doing, the defendant **DID NOT** use a *deadly or dangerous weapon* ***OR*** *inflicted bodily injury*.

**COUNT TWO**
**(Damaging Government Property – Nissan Pathfinder SUV)**

GUILTY______ NOT GUILTY _______

**<u>COUNT THREE</u>**
**(Damaging Government Property – Ford Taurus Sedan)**

GUILTY______ NOT GUILTY _______

____________________ ____________________________________________
Date Foreperson