UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| United States of America | § | |
| | § | |
| v. | § | No. 5:26-cr-00048-FB-1 |
| | § | |
| | § | |
| Robyn Argote-Brooks | § | |

**DEFENDANT'S ADVISORY ON JURY INSTRUCTIONS AND PROPOSED VERDICT FORM**

TO THE HONORABLE FRED BIERY, U.S. DISTRICT JUDGE:

Defendant Robyn Argote-Brooks filed proposed jury instructions, focusing on the elements of the offenses. *See* Doc. 39. So did the government. *See* Doc. 43. For the reasons argued in his earlier pleading, Defendant requests the Court to instruct as set out in his proposed instructions, and he objects to any refusal to do so. There is one exception: Because Defendant has now stipulated that the damage to each vehicle (charged in Counts Two and Three) exceeded $1,000, he withdraws his request for a lesser-included offense instruction on Counts Two and Three.

The government also filed a proposed verdict form. *See* Doc. 43 at 25-26. Defendant now files a proposed verdict form as well. Defendant also notes an issue with the government's proposed elements instructions and verdict form on Count One. The government's proposed instruction on Element Four requires proof that "the defendant used a deadly or dangerous weapon or inflicted bodily injury." *See* Doc. 43 at 19. And the government's proposed Verdict Form then asks the jury to decide if Defendant is guilty or not guilty of Count One, meaning a verdict of

guilty—based on the government's proposed Element Four—would necessarily require a finding of using a deadly or dangerous weapon or inflicting bodily injury. But then, the government's proposed verdict form sets out a special interrogatory asking the jury, upon a guilty verdict, to decide whether Defendant used a deadly or dangerous weapon or inflicted bodily injury, which is redundant. Instead, if the Court were to instruct with the government's special interrogatory verdict form (instead of a lesser-included offense instruction), the correct way to do so would be to first cut the government's Element Four from the Count One jury instructions, along with the attendant definitions of "deadly or dangerous weapon" and "bodily injury," and then insert those definitions— of "deadly or dangerous weapon" and "bodily injury"—into the verdict form, after the special interrogatories.

*If* the Court uses the government's special interrogatory verdict form, *then* Defendant asks that the special interrogatories include the burden of proof, i.e., "We find the defendant Guilty of Count One and in so doing, ***<u>we find the government proved beyond a reasonable doubt that</u>*** the defendant DID use a deadly or dangerous weapon OR inflicted bodily injury" or "We find the defendant Guilty of Count One and in so doing, ***<u>we find that the government did not prove beyond a reasonable that</u>*** the defendant ***<u>used</u>*** a deadly or dangerous weapon OR inflicted bodily injury" (emphasized text added by Defendant).

That said, Defendant objects to the use of special interrogatories, which are not included in the Fifth Circuit Pattern Jury Instructions. Instead, he requests that the Court give a lesser-included offense instruction on Count One, as he set out

in his proposed instructions, and as explicitly provided for in Fifth Circuit Pattern Crim. Jury Instr. 1.35 (2024) (Lesser Included Offense). *See* Doc. 39 at 6-8. Accordingly, he also requests the attached proposed verdict form.

**CONCLUSION**

Defendant asks to instruct the jury as set out herein, and he objects to any refusal to do so.

Respectfully submitted,

MAUREEN SCOTT FRANCO
Federal Public Defender

/s/ MARINA-THAIS DOUENAT
Assistant Federal Public Defender
Western District of Texas
300 Convent Street, Suite 2300
San Antonio, TX 78205
(210) 472-6700
(210) 472-4454 (Fax)
State Bar Number: 00798310
*Attorney for Defendant*

**CERTIFICATE OF SERVICE**

I certify that on the 1st day of May, 2026, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to the AUSAs of record.

/s/ MARINA-THAIS DOUENAT
*Attorney for Defendant*

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| United States of America | § | |
| | § | |
| v. | § | No. 5:26-cr-00048-FB-1 |
| | § | |
| | § | |
| Robyn Argote-Brooks | § | |

**<u>VERDICT FORM</u>**

We, the jury in this case, unanimously return the following verdict(s):

**<u>COUNT ONE</u>**

**(Forcibly Assaulting a Federal Officer and Inflicting Bodily Injury or Using a Dangerous Weapon)**

**_____ NOT GUILTY** **_____ GUILTY**

*If your verdict is not guilty, or if after all reasonable efforts, you are unable to reach a verdict, you should go on to consider whether the defendant is guilty of the following lesser offense:*

**<u>LESSER INCLUDED OFFENSE FOR COUNT ONE</u>**

**(Forcibly Assaulting a Federal Officer)**

**_____ NOT GUILTY** **_____ GUILTY**

**COUNT TWO**

**(Damaging Government Property – Nissan Pathfinder SUV)**

**_____ NOT GUILTY** **_____ GUILTY**

**COUNT THREE**

**(Damaging Government Property – Ford Taurus Sedan)**

**_____ NOT GUILTY** **_____ GUILTY**

___________________________

DATE

___________________________

FOREPERSON