UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| United States of America | § | |
| | § | |
| v. | § | No. 5:26-cr-00048-FB-1 |
| | § | |
| | § | |
| Robyn Argote-Brooks | § | |

**DEFENDANT ROBYN ARGOTE-BROOKS'S POST-VERDICT MOTION FOR JUDGMENT OF ACQUITTAL**

TO THE HONORABLE FRED BIERY, U.S. DISTRICT JUDGE:

Defendant Robyn Argote-Brooks ("Robyn") moved for judgment of acquittal after the close of the government's case-in-chief. *See* Fed. R. Crim. P. 29(a). Robyn attempted to move for judgment of acquittal after the close of all evidence too, and the Court denied "all motions," which may not have been adequate to preserve the Rule 29 challenge. Accordingly, counsel now moves post-verdict for judgment of acquittal, to ensure appellate preservation of all sufficiency-of-the-evidence issues. *See* Fed. R. Crim. P. 29(c)(1). Obviously, since the jury found Robyn not guilty of Count One, this post-verdict motion attacks Counts Two and Three only.

## SUFFICIENCY

This Court reviews the sufficiency of the evidence using the same standard as the Fifth Circuit. *See United States v. Greenlaw*, 84 F.4th 325, 338 (5th Cir. 2023). Under this standard, the evidence is sufficient if, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt. *See Jackson*

*v. Virginia*, 443 U.S. 307, 319 (1979); *United States v. Vargas-Ocampo*, 747 F.3d 299, 301 (5th Cir. 2014) (en banc). But "a verdict may not rest on mere suspicion, speculation, or conjecture, or on an overly attenuated piling of inference on inference." *United States v. Ganji*, 880 F.3d 760, 767 (5th Cir. 2018) (finding evidence insufficient on certain counts) (cleaned up).

Under Federal Rule of Criminal Procedure 29, Tapia moves for judgment of acquittal on Counts Two and Three for the government's failure to prove those counts beyond a reasonable doubt—in general. *See United States v. Staggers*, 961 F.3d 745, 754 (5th Cir. 2020) (explaining that all sufficiency arguments are preserved if the defendant makes "general objections to the sufficiency of the evidence").

## CONCLUSION

The Court should grant a judgment of acquittal on Counts Two and Three.

Respectfully submitted,

MAUREEN SCOTT FRANCO
Federal Public Defender

/s/ MARINA-THAIS DOUENAT
Assistant Federal Public Defender
Western District of Texas
300 Convent Street, Suite 2300
San Antonio, TX 78205
(210) 472-6700
(210) 472-4454 (Fax)
State Bar Number: 00798310
*Attorney for Defendant*

**CERTIFICATE OF SERVICE**

I certify that on the 20th day of May, 2026, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to the AUSAs of record.

/s/ MARINA-THAIS DOUENAT
*Attorney for Defendant*

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| United States of America | § | |
| | § | |
| v. | § | No. 5:26-cr-00048-FB-1 |
| | § | |
| | § | |
| Robyn Argote-Brooks | § | |

**ORDER**

The Defendant's post-verdict motion for judgment of acquittal on Counts Two and Three is hereby **GRANTED**.

SO ORDERED on this the _______day of ____________, 2026.

FRED BIERY
United States District Judge